JULIAN C. SMITH, JR.
State Bar #821
JOYLYN HARMER
State Bar #5661
Smith and Harmer, Ltd.
502 North Division Street
Carson City, Nevada 89703
Telephone: (775) 883-3200
E-Mail: julian@smithandharmer.com
E-Mail: joylyn@smithandharmer.com

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| CHRISTOPHER L. BIRD,<br>        Plaintiff,<br><br>vs.<br><br>RECONTRUST COMPANY, N.A.,<br>BAC HOME SERVICING, LP, a<br>subsidiary of BANK OF<br>AMERICA, N.A., f/k/a<br>COUNTRYWIDE HOME LOANS<br>SERVICING LP, MORTGAGE<br>ELECTRONIC REGISTRATION<br>SYSTEMS, INC., JOHN DOES<br>1 through 10; and DOE<br>CORPORATIONS 1 through 10,<br>        Defendants. | Case No. 3:10-cv-00649-RCJ-VPC<br><br><br><br><br><br><br>**FINDINGS OF FACT AND<br>CONCLUSIONS OF LAW** |

This matter came on for trial May 3 and 4, 2012. The Court makes the following findings of fact:

### FINDINGS OF FACT

1. Plaintiff had a loan with Taylor, Bean & Whitaker Mortgage Co. ("TBW") evidenced by a promissory note dated April 29, 2008, for $89,320 at 6.5% interest that called for monthly payments of $564.50 commencing on June 1, 2008. That

note was variously referred to as TBW loan #24 or 2450521 or Bank of America account #22566382 or the 6.5% loan.  Ex. 1B in evidence.

    2.    Ex. 1B was secured by a deed of trust dated April 29, 2008, in favor of TBW on Plaintiff's home at 305 Mica Circle, Moundhouse, Lyon County, Nevada.  Ex. 1A.

    3.    Exs. 1A and 1B were refinanced by TBW on May 18, 2009, as shown on Exs. 12A-D in evidence which paid off Ex. 1B.  Ex. 12D is a note referred to as TBW 32 or #3246027 for $89,983 at 5.25% interest with payments of $498.89 per month.

    4.    TBW assigned Exs. 1A and 1B to Defendants.

    5.    Defendants foreclosed pursuant to Ex. 1A for Plaintiff's nonpayment since May 18, 2009 on Ex. 1B on September 17, 2009.

    6.    Plaintiff signed Exs. 12A-D and delivered them to a representative of TBW according to his testimony that was not disputed by Defendants.

    7.    Plaintiff received Ex. 14A (monthly billing statement) from TBW for two payments on Ex. 12D dated July 21, 2009.

    8.    Plaintiff paid Ex. 14A on July 31, 2009 with his check #1287 that was endorsed by TBW on August 4, 2009.  Ex. 14B.

    9.    Plaintiff plead as special damages his attorney's fees and costs.

10. Plaintiff's attorney's fees and costs are in evidence without objection as Exs. 16 and 16A. Ex. 16A includes the charges in Ex. 16. Plaintiff's attorney's fees and costs were $98,809.37 as of March 30, 2012 as shown on Ex. 16A.

11. Plaintiff put Defendants on notice of the refinancing prior to the foreclosure sale on September 17, 2009.

### CONCLUSIONS OF LAW

The Court makes the following conclusions of law:

1. Ex. 1B was paid in full by Ex. 12D thereby funding Ex. 12D.

2. There was no balance owing on Ex. 1B at the time Defendants foreclosed on September 17, 2009.

3. Plaintiff signed and delivered to TBW Exs. 12A-D.

4. Exs. 14A and 14B constitute a written contract for TBW loan #3246027, Ex. 12D. Ex. 14A is an offer by TBW, Ex. 14B is an acceptance of TBW'S offer and consideration. TBW'S endorsement on Ex. 14B is a writing signed by TBW that satisfies the statute of frauds.

5. Defendants' acceptance of the assignment of Exs. 1A and 1B included everything TBW had regarding Exs. 1A and 1B which included the refinance evidenced by Exs. 12A-D.

6. Ex. 12D deed of trust was effective upon delivery to TBW'S representative at Plaintiff's home.

3

7.  Defendants are required to record a reconveyance of Ex. 1A with the Lyon County, Nevada Recorder.

8.  Plaintiff is required to sign a new replacement promissory note and deed of trust suitable for recording if Defendants cannot located the signed original (Ex. 12D).

9.  Defendants are to give Plaintiff credit for $1,187.38 that Plaintiff paid TBW on July 31, 2009, which was for two payments on Ex. 12D, including impounds.  See Ex. 14B.

10.  Plaintiff is entitled to his court costs that shall be submitted to the Court by a Bill of Costs pursuant to local court rules.

11.  Plaintiff is entitled to attorney's fees in the discretion of the Court pursuant to NRS 18.010(2)(a). Plaintiff has recovered $1,187.38 as set out in paragraph 9 above but less than $20,000.

12.  When TBW issued Ex. 14A, it waived the closing conditions of Exs. 12A-D.

13.  Defendants acted in good faith, therefore no punitive damages are awarded.

IT IS SO ORDERED this 15th day of October, 2013.

_____
U.S. DISTRICT COURT JUDGE