**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

CHRISTOPHER L. BIRD, )
        Plaintiff, )
    vs. )    3:10-cv-00649-RCJ-VPC
)
)    **ORDER**
)
RECONTRUST COMPANY, N.A., BAC )
HOME SERVICING, LP, a subsidiary of )
BANK OF AMERICA, N.A., f/k/a )
COUNTRYWIDE HOMES LOANS )
SERVICING LP, MORTGAGE )
ELECTRONIC REGISTRATION SYSTEM, )
INC., JOHN DOES 1 through 10; and DOE )
CORPORATIONS 1 through 10, )
)
        Defendants. )

This case arises out of the foreclosure of a deed of trust. Plaintiff alleged that his initial loan was repaid with a refinance loan and that Defendants' foreclosure was therefore improper. (Compl. ¶¶ 2–7, ECF No. 1-2, at 7–8). On May 3 and 4, 2012, this Court held a bench trial and found in Plaintiff's favor. (*See* Tr. of Proceedings, ECF No. 102). Specifically, the Court ordered Defendants to reconvey the deed of trust to Plaintiff and declared that the trustee's deed divesting Plaintiff of the property was void. (Judgment ¶¶ 1–4, ECF No. 109). The Court also ordered Defendants to credit Plaintiff the $1,187.38 that he previously paid to his prior servicer. (*Id.* ¶ 2). Finally, the Court awarded Plaintiff $60,000 in attorney fees, under NRS 18.010(2)(a), but required that $10,000 of the award be paid to Defendants toward Plaintiff's arrearages on the promissory note. (*Id.* ¶ 7).

Pending before the Court are: (1) Plaintiff's motion to amend the judgment (ECF No. 113), in which Plaintiff seeks an order increasing the award of attorney fees to $113,245 and an order reducing his debt under the promissory note to the current value of the property; and (2) Defendants' motion to reconsider (ECF No. 118), in which Defendants argue that Plaintiff is not entitled to any attorney fees. For the reasons stated herein, the Court denies each of the pending motions.

## I. Legal Standard

A court should be loathe to revisit its own decisions unless extraordinary circumstances show that its prior decision was clearly erroneous or would work a manifest injustice. *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 816 (1988). This principle is embodied in the law of the case doctrine, under which "a court is generally precluded from reconsidering an issue that has already been decided by the same court, or a higher court in the identical case." *United States v. Alexander*, 106 F.3d 874, 876 (9th Cir. 1997) (quoting *Thomas v. Bible*, 983 F.2d 152, 154 (9th Cir. 1993)). Nonetheless, in certain limited circumstances, a court has discretion to reconsider its prior decisions.

While Rule 59(e) and Rule 60(b) permit a district court to reconsider and amend previous orders, this is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enter., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (quoting 12 James William Moore, et al., *Moore's Federal Practice* § 59.30(4) (3d ed. 2000)) (internal quotation marks omitted).

Indeed, a district court should not grant a motion for reconsideration "absent highly unusual circumstances, unless the court (1) is presented with newly discovered evidence, (2)

committed clear error, or (3) if there is an intervening change in the controlling law." *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999) (citing *Sch. Dist. No. 1J v. Acands, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993)). A motion for reconsideration "may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Kona Enter.*, 229 F.3d at 890. Mere dissatisfaction with the court's order, or belief that the court is wrong in its decision, is not grounds for reconsideration. *Twentieth Century-Fox Film Corp. v. Dunnahoo*, 637 F.2d 1338, 1341 (9th Cir. 1981). A motion to reconsider must set forth "some valid reason why the court should reconsider its prior decision" and set "forth facts or law of a strongly convincing nature to persuade the court to reverse its prior decision." *Frasure v. United States*, 256 F. Supp. 2d 1180, 1183 (D. Nev. 2003). Furthermore, "[a] motion for reconsideration is not an avenue to re-litigate the same issues and arguments upon which the court already has ruled." *Brown v. Kinross Gold, U.S.A.*, 378 F. Supp. 2d 1280, 1288 (D. Nev. 2005).

**II.    Plaintiff's Motion to Amend Judgment (ECF No. 113)**

The Court denies Plaintiff's motion to increase the award of attorney fees to $113,245 and modify the promissory note to reflect the current value of the property. With respect to the promissory note, Plaintiff provides no legal basis for the requested modification. In fact, he simply recites his request for a modification and makes no further argument. (*See* Mot., ECF No. 113, at 3). This, of course, is not an adequate basis for reconsideration. Moreover, the Court has already addressed this issue, albeit not in this exact context, and concluded that "[t]he value of the home today is just not relevant." (Tr. of Proceedings, ECF No. 102, at 35).

With respect to the award of fees, Plaintiff contends that it is entitled to the increased amount because: (1) Plaintiff introduced exhibits purporting to show that counsel actually billed this increased amount and Defendants did not object; and (2) the Court gave no explanation for its reduced award of $60,000. (Mot., ECF No. 113, at 2–3). Plaintiff is simply incorrect.

As an initial matter, the Court squarely addressed this issue during the bench trial. (Tr. of Proceedings, ECF No. 102, at 124 ("You're undoubtedly not going to get a hundred thousand, you realize that.")). Therefore, reconsideration is inappropriate. However, because Defendants also complain that the Court failed to adequately articulate its basis for awarding $60,000, the Court will dispose of that argument now.

"In Nevada, 'the method upon which a reasonable fee is determined is subject to the discretion of the court,' which 'is tempered only by reason and fairness.'" *Shuette v. Beazer Homes Holdings Corp.*, 124 P.3d 530, 548–49 (Nev. 2005) (quoting *University of Nevada v. Tarkanian*, 879 P.2d 1180, 1186 (Nev. 1994)). "Accordingly, in determining the amount of fees to award, the court is not limited to one specific approach; its analysis may begin with any method rationally designed to calculate a reasonable amount, including those based on a 'lodestar' amount." *Id.* at 549.[1] However, no matter what method is chosen as a starting point, "the court must continue its analysis by considering the requested amount in light of the factors enumerated by [the Nevada Supreme Court] in *Brunzell v. Golden Gate National Bank*, namely (1) the advocate's professional qualities, (2) the nature of the litigation, (3) the work performed, and (4) the result." *Id.* (quoting 455 P.2d 31, 33 (Nev. 1969)).

---

[1] Under the lodestar approach, courts multiply "the number of hours reasonably spent on the case by a reasonable hourly rate." *Herbst v. Humana Health Ins. of Nevada*, 781 P.2d 762, 764 (Nev. 1989).

During the bench trial, the Court arrived at the $60,000 award by applying the lodestar method and implicitly considering the factors articulated in *Brunzell*:

> I am going to award attorney's fees . . . under 18.010, under (2)(a), in which case I think I have discretion to pick the amount. It's not mandatory that I award the entire pled sum, and basically I want to award him fees equivalent to the necessary and reasonable fees rendered in order to obtain the title back and to stop the bank's inappropriate actions. Looking at these entire bills, I recognize, first of all, that they are at reasonable rates, and it appears to be that they are in reasonable quantifiable hours to the tenth of an hour, but I also realize that some of this service is not absolutely necessary to [the] recovery of the title or to stop the bank's actions. Some of it deals with side issues and other issues, and so I think I have to be conservative in the amount that I award.

(Tr. of Proceedings, ECF No. 102, at 182–83). While the Court did not expressly cite *Brunzell* in its oral analysis, it unquestionably considered each of the *Brunzell* factors. Specifically, the Court's conclusion that Plaintiff's counsel submitted bills reflecting "reasonable rates" implies a finding that "the advocate's professional qualities" justified the hourly rate requested. Likewise, the Court plainly considered "the nature of the litigation," "the work performed," and the "result" obtained, when it explained "I want to award him fees equivalent to the necessary and reasonable fees rendered in order to obtain the title back and to stop the bank's inappropriate actions . . . but I also realize that some of this service is not absolutely necessary to [the] recovery of the title or to stop the bank's actions. Some of it deals with side issues and other issues, and so I think I have to be conservative in the amount that I award." (*Id.*). Accordingly, the Court is satisfied that it adequately articulated its basis for the reduced fee award. Plaintiff's motion to amend the judgment is therefore denied.

**III.   Defendant's Motion to Reconsider (ECF No. 118)**

The Court likewise denies Defendants' motion to reconsider the award. Defendants present two arguments, neither of which warrants reconsideration. First, Defendants contend that

5

an award of fees under NRS 18.010(2)(a) requires a monetary judgment and that the Court's order to credit Plaintiff the $1,187.38 that he previously paid to his prior servicer does not constitute a monetary judgment. (Mot. Recons., ECF No. 118, at 5–6). The Court rejected this argument during the bench trial, (*see* Tr. of Proceedings, ECF No. 102, at 180–81), and it is therefore an inadequate basis for reconsideration, *Brown v. Kinross Gold, U.S.A.*, 378 F. Supp. 2d 1280, 1288 (D. Nev. 2005) ("A motion for reconsideration is not an avenue to re-litigate the same issues and arguments upon which the court already has ruled."). Second, Defendants argue that due to Plaintiff's failure to argue the *Brunzell* factors, the Court was unable to adequately consider them. (Mot. Recons., ECF No. 118, at 6–7). However, as explained above, the Court has already concluded that the award was supported by an adequate analysis of the *Brunzell* factors and that reconsideration of this issue is unwarranted. *See supra* Part II. Defendants' motion to reconsider is therefore denied.

## CONCLUSION

IT IS HEREBY ORDERED that Plaintiff's motion to amend judgment (ECF No. 113) is DENIED.

IT IS FURTHER ORDERED that Defendants' motion to reconsider (ECF No. 118) is DENIED.

IT IS SO ORDERED.

Dated: This 23rd day of July, 2014.

_____
ROBERT C. JONES
United States District Judge